Attorney General Mariani-Franco, on behalf of the plaintiff's appellants in this case, I would like to reserve three minutes of my time for rebuttal. The facts in this case are pretty straightforward. This is a case of a mistaken identity arrest, basically caused by three facts. First, an individual using my client's name participated in criminal conduct. This individual worked in the corrections department in Puerto Rico, as well as my client. The FBI agents who were investigating this case basically secured the employee file for my client, videotaped the criminal transaction, and never compared the images. They never did any follow-up investigation regarding identity. They didn't comply with usual FBI procedure, and basically they arrested the wrong guy. Those are the facts. That's that claim you made originally about improper investigation? So there's a confusion regarding that. If the court looks at Judge Bezosa's original order, the court will note Judge Bezosa referring the case of Valle Izquierdo as opening the window for this court to examine what's the proper standard under false imprisonment and false arrest. Judge Bezosa said, stating his opinion on order, that there was a discretionary exception, a lack of jurisdiction, based on failure to properly investigate. But he clearly stated in his order, and it's in documents in the file, that Valle Izquierdo creates a new theory that this court must analyze to decide whether it should open and apply to this case. I don't want to waste your time. Sure. You don't have a lot. My question is, you had originally had a claim for improper investigation. Am I correct? Yes. And that was ruled against you. Yes or no? Yes. And you haven't appealed that? Well, I didn't properly appeal as to that, Your Honor, because if you look at the opinion on order, you will see that the full merits of the claims by the appellants are the claims that were left open by Judge Bezosa, in that if the court looks at Appendix 156 through 157, the court will see that Judge Bezosa basically denies the motion to dismiss and states that in summary judgment, the matter of false imprisonment and false arrest should be looked upon based on Valle Izquierdo. The problem is that the opinion on order as to a summary judgment motion misapplies the laws. Valle Izquierdo, as this court recognizes in the case of Solís Alarcón, states that Valle's holding was the need to balance the right to compensation of a citizen who is injured by the wrongful or And the interest, or better said, the duty of a government authority to act vigorously in the investigation of criminal cases. That's a two-way road. That's not a one-way road. Vigorously investigation of criminal cases that justify the search warrant and the search that occurred in Solís Alarcón also requires the government to investigate who is the person who's carrying the condom. In Valle, they didn't name the person in the warrant, right? Yes, that's a fact in Valle. In Solís Alarcón, for example, which the government cites, there was more than one year investigation. There were corroborations that were made in the neighborhood. There were efforts done with Puerto Rico police officers to assure who they were going to intervene. That's absent in this case. But under the Federal Tort Claims Act, why doesn't that all fall under, assuming you still have an discretionary functions that are not suable? I will submit that it doesn't. I will submit that it doesn't because it's not a matter of one of the prongs, of the public policy prong for discretionary actions. It won't fall as to that. It will fall more cleanly and openly in what the Congress has decided a citizen has a right to sue the government. False arrest, false imprisonment, malicious prosecution, which is not really here. There's no maliciousness. There's no allegation of maliciousness. But really, this case falls clearly. The problem is that Puerto Rico law is much more ample in terms of how it describes fault as encompassing any kind of human conduct. This honorable court has recognized that, and that's the law that has to be applied here. I know, and the court knows, that Puerto Rico court has made reference in the past to common law principles regarding malicious prosecution and false arrest. But in Valle, which is a case of an unknown identity, and it's a matter of investigation. Why isn't that pretty significant? Because if there's an unknown identity, all that conditional privilege can't apply. If there's a known identity, it could. Well, if there's not really, there was, what the Puerto Rico agents were missing in Valle was the name. They knew who the guy was. They were investigating this guy, but they were not, and the summons in Valle clearly state who's the guy, where he's in, and what the guy's doing. It's not uncommon in Puerto Rico, and I'm not sure in other jurisdictions, to have a search warrant or even arrest warrant stating that this is a guy with some description who's living in X place and who's there doing this wrongful stuff for him to be arrested on probable cause based on a proper investigation, which is what happened here. Sorry. But the idea there, I thought, is you have to make sure that the person you then arrest fits with the description in the warrant, right? That's, well. And here, if it names the wrong person, but it names him, there's no question that the person picked up matches the warrant. He does. That's right. So what in Valle suggests you're supposed to look behind that, even in a case in which the warrant names the person who is picked up, there's nothing in Valle tells me anything about that question. Because Valle is not a case that the Supreme Court of Puerto Rico explained that was limited to those facts. No, but it doesn't say it's not limited to those facts. No, it doesn't say, but it does. But if we read it with the fact that there is this conditional privilege notion, I just don't see how Valle gets you very far. If I may answer briefly, Your Honor, it goes to the concept of fault under the Civil Code of Puerto Rico and negligence. And Valle, the Supreme Court in that case, in prior cases and cases that went after that, has always maintained the same principles to negligence. And the issue here will be, as Judge Bezosa stated in his opinion on order, is whether Valle creates a different standard where courts have to look further than simply whether there's a arrest warrant issue. And I ask the court to look further than that. Good morning, Your Honors. May it please the court, my name is Maenen Schwartz, representing the United States in this case. This court is correct that Valle did not oppose any additional investigative burdens on officers executing a valid arrest warrant against a person named in that warrant. However, this court doesn't even need to reach the question of whether Puerto Rico would impose liability in that instance because of the discretionary function exception. And as the United States explained in its brief, any objection that the discretionary function exception applies has been doubly waived. First, because the order applying that to bar the negligent investigation claims was not properly appealed from. It's not listed in the notice of appeal. It's not appended in the addendum to the appellant's brief as an order appealed from. And then it's doubly waived because it's not argued anywhere in their opening brief. Judge Bezosa held that the discretionary function applied to bar claims of negligent investigation, meaning anything that happened prior to the initiation of the indictment and the issuance of the arrest warrant. So any claim that the FBI agents should have done something more or additional is just a negligence claim that falls squarely within the sort of policy-rooted decision making that investigative officers have to make. The United States has not waived its sovereign immunity with respect to such claims, and that is a jurisdictional issue that takes that claim outside of this court's jurisdiction. If your honors have no further questions, I'm happy to... How does that relate to the Melissa's prosecution being a viable claim, the position you're taking? So what the district court did is I think they tried to give the plaintiffs the benefit of a doubt because the claims weren't really named very clearly in the complaint. So they said, okay, we know anything related to negligence prior to the issuance of the indictment, that falls away because of the discretionary function exception. And that was a motion to dismiss, that was a very early stage of the case. But they allowed the claims for what they construed as claims for false arrest and imprisonment and malicious prosecution to move forward to see if there was any genuine issue of material fact that could possibly make those claims survive. And what ended up happening is the plaintiffs could not make that sort of claim. I guess I'm just trying to figure out if you're trying to say that all pre-arrest investigatory action is covered by the discretionary function, how does that fit with the notion that you can bring a malicious prosecution claim? Because wouldn't some malicious prosecution claims involve consideration of what happened at the early stages? Yes, Your Honor. I suppose that maybe malice is an exception itself to the discretionary function exception. Yeah, but that's just, I mean, maybe, maybe. But what worries me is if you're asking us to decide all pre-investigative issues here are within the discretionary functions. We don't really have, it seems like a potentially large... So what we know is that the two things that are required for a malicious prosecution claim are malice and the absence of probable cause. So it may be correct that malicious prosecution can only be measured after the fact, after the initiation of an indictment or an arrest warrant or something where there should have been a demonstration of probable cause. Otherwise, how would you show the absence of probable cause? Can I follow up then? Let's try it in the context of false arrest. So if a person is arrested on a complaint and an arrest warrant, and there's nothing wrong with the investigation, but there's a failure in transcribing the name onto the arrest warrant, and they write the wrong name in, where does that one fall? Your Honor, I believe that that would be in the area of conditional privilege, that the police officers would be conditionally privileged to arrest the person named in the warrant, unless, and this is an important unless, they did not reasonably believe that person to be the person who was meant to be arrested. And so I do think there is perhaps a narrow set of cases where conditional privilege would not apply if the officers know no matter what the name says that it's not the right person. But that's not the case here. What if the defendant, well, not the defendant, okay. What if the person who's being accused in the civil case is the person who did the transcription, not the arresting officer? That would be my question. You know, who put the chain of events into place. And the claim would be a false arrest claim? Yeah. That's a tough question, Your Honor. I will freely admit that. Why is it tough? Because I don't see how it could possibly fall within the discretion of the court. Exception, you don't have any discretion to make mistakes. Sure. That sounds accurate, Your Honor. At the same time, I don't believe that the United States has waived its sovereign immunity with respect to typographical errors. But so I understand that you don't concede the point. But just for purposes of argument, if that person's conduct could make the United States responsible, what's the difference between that and something that happens before that, that results in the wrong name going on? I think the difference has to lie in sort of the policy behind these. And the reason that there's a discretionary function exception, and the reason that this Court and others have found that investigative actions fall within that discretionary function exception, is because we don't want the federal agencies hamstrung in terms of, oh, am I going to be subject to personal liability, or am I going to expose the United States to liability, because I didn't do every possible thing that I can think of to finish investigating this before I go out and arrest the people who are responsible for this or that. The people who are best situated to decide where that line is are the people executing those investigations. Do we really have that issue before us, though? Because I thought the district court said it was uncertain as to when certain facts were known, and just as a matter of timing, about when the photograph was in possession. Absolutely, Your Honor. That's a good point. Something that is said throughout the plaintiff's briefing is that certain facts are undisputed. And I would like to clarify that it's not that they're undisputed. It's that we don't believe they affect the outcome here because we're at a summary judgment appeal. And am I right that the only basis that the plaintiff is given for concluding that even under Puerto Rico law, that would be actionable notwithstanding the conditional privilege is the VAE case? Correct. But if the VAE case's facts don't address whether conditional privilege gives way in such circumstance, without even getting to what the scope of the discretionary function issue is, we could just say as a matter of Puerto Rico law, nothing's been identified to us that indicates that the conditional privilege wouldn't continue to apply in a case like this. Correct, Your Honor. And that is an additional basis argued in our brief. And not only does VAE not cover that, but it is a 2002 case that was interpreted by this court in Solis-Alarcon in 2011, much later, that essentially said conditional privilege would apply in such circumstances. Thank you. If I can briefly point to the court, what Judge Mezosa, citing Valle, stated in his original opinion on order at page 158 of the appendix, saying, see Valle, Valle indicating that the existence of a valid arrest warrant is not sufficient to insulate agents from liability when they fail to comply fully with essential identification procedures prior to, during an arrest. That's the basis of what the plaintiff had going forward in the case of the remaining claims. That's why Judge McGivern confronts directly the Valle holding, finding differently that Judge Mezosa. And it's up to the court to decide what's the correct interpretation. Going to the conditional privilege, or the, of course, Valle doesn't discuss that, because in the Puerto Rico law, they may be qualifying immunity for the agents, but that's an issue that Puerto Rico has decided not to establish in the way the federal government has established it, specifically in the Federal Arbitrary Claims Act. However, this is a case, as Judge Mezosa says, of false arrest. The arrest, the arrest warrant was issued. That's not the problem here. The problem here is that under Puerto Rico law, which should apply to the Federal Arbitrary Claims Act, the government agencies had to ensure some kind of conduct. What conduct? Obviously, not negligent in determining what, who is the person who's going to be arrested. That's the state of the law in Puerto Rico. And I would submit respectfully, it's not only for John Doe defendants. Concept of fault is ample. It includes any type of conduct, and it obviously includes the conduct of the agents. The thing is, just in Valle, the set of questions that are raised, if you start looking behind the arrest warrant, and the name given in the arrest warrant, are obviously different than the set of questions that are raised, if you just look at to make sure that the general description in the arrest warrant was followed, right? Yes, but- So given that, it just seems a stretch to read Valle to say that, well, regardless of the fact that there's a totally different policy set of considerations that are raised in this other type of case, our general language was meant to say they're all the same. That just seems not how you usually read a case. That's not what we're trying to show here. What we're trying to show is that the standard of the Puerto Rico Supreme Court established in Valle is not limited to this set, that set of facts. Of course, there may be other facts which may not establish negligence. But here, when you see the facts in the case, which are really, some of them really are undisputed, that there was no attempt to even properly identify the person, the court will be opening a big door that can infringe on personal liberties. And I respectfully ask not to do that. And to follow what Judge Bezos has stated was the Valle's ruling and non-judgmental evidence, respectfully submit it. Thank you.